UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

Karl T. Meth
KM 0842
**BECKER & POLIAKOFF, LLP**
1776 on the Green
67 East Park Place
Suite 800
Morristown, New Jersey 07960

In Re:

SCOTT J. APPEL,

                                Debtor.

CASE NO.: 19-21156-jks

CHAPTER 13 PROCEEDING

Hon. John K. Sherwood, U.S.B.J.

**MOTION FOR
RELIEF FROM THE
AUTOMATIC STAY &
CO-DEBTOR STAY**

**Motion Returnable:
February 13, 2020 at 10:00 a.m.**

To:    **Camille J. Kassar, Esq.
       271 Route 46 West, Suite C-102
       Fairfield, NJ 07004
       Attorney for Debtor**

       **Office of the U.S. Trustee
       One Newark Center, Suite 2100
       Newark, New Jersey 07102**

       **Marie-Ann Greenberg
       Standing Chapter 13 Trustee
       30 Two Bridges Rd. Suite 330
       Fairfield, New Jersey 07004**

       **Scott and Julie Appel
       264 Levinberg Lane
       Wayne, NJ 07470**

**PLEASE TAKE NOTICE THAT** the undersigned attorney for GRANDOVER POINTE

CONDOMINIUM ASSOCIATION, Inc., will apply to the United States Bankruptcy Court, located at 50

Walnut Street, Newark, NJ 07102 for an Order to Grant Relief from the Automatic Stay and Co-Debtor

Stay of Julie Appel, since the facts of this matter show that:

1.    Grandover Pointe Condominium Association, Inc. (hereinafter referred to as the "Association"),
{N0236395  }

is a Creditor of the above-named Debtor, who owns a condominium unit located at 264 Levinberg Lane, Wayne, New Jersey, within the Grandover Point community.

2.      Pursuant to U.S.C. §523 (a)(16), the Debtor is responsible to pay post-petition assessments to the Condominium Association, as of the date of filing of the bankruptcy petition.

3.      As of January 6, 2020, the post-petition amount due to the Association, from the time of Debtor's filing of his bankruptcy petition, for maintenance fees and late fees exclusive of legal fees was $2,670.00.   (See the Association's Statement of Account annexed as Exhibit "A").

4.      An Automatic Stay took effect upon the filing of the bankruptcy petition on June 3, 2019, prohibiting the Association from pursuing its remedies in a civil action.

5.      The Debtor's Plan was confirmed on October 27, 2019.   Debtor's Schedule J Part 2 4(d) (Attached as Exhibit "B") lists payment of the "Homeowner's association or condominium dues as $350.00".   Please note that in Exhibit A the monthly charges are actually $315.00.   The Debtor was to remain current on all post-petition maintenance and fees owed to the Association outside of the Plan.

6.      To date, neither the Debtor or the Co-Debtor, Julie Appel, have made any payments towards the monthly assessments due to the Association after the date of filing of the bankruptcy petition as reflected in Exhibit A, the business record of the Association.

7.      It is appropriate for this Court to make an Order Lifting the Automatic Stay, to permit Grandover Pointe Condominium  Association, Inc., to pursue its remedies in Civil Court, in order to collect the amounts due to it, or to grant such other relief to the Association as may be necessary to afford adequate protection to the Association.

8.      Our firm has charged the Association the amount of $967.53 for collection of post-petition balances due which does not include the time spent for this motion.   My hourly rate is $225.00 for this Association which is well below my usual rate of $275.00 an hour for Association collection work. See Exhibit C.

{N0236395  }

9.    We charge the Association a flat fee for this Motion and those hours do not include any appearance in Court if required by the Court. Accordingly, I would ask the court to award an additional amount of $500.00 for the drafting of this motion.   See Exhibit "D"

10.   The By-Laws of the Association do permit the award of collection of reasonable counsel fees and late fees for failure to pay the maintenance fees.  See Exhibit "E".

11.    Grandover Pointe Condominium  Association, Inc. believes that it will be injured unless the Stay is lifted or adequate protection is furnished, since the Debtor's property, which is the security for the indebtedness, is declining in value.

12.    On or about September 27, 2019, we sent a post-petition demand letter to the Debtor's counsel Camille Kassar   (See Exhibit "F")   with no response or payment.

      **WHEREFORE**, Grandover Pointe Condominium  Association, Inc., requests this Court to make an **ORDER** lifting the Stay of the lien enforcement to permit Grandover Pointe Condominium Association, Inc., to pursue its remedies in State Civil Court against Scott and Julie Appel, or, in the alternative, conversion of the Debtor's bankruptcy petition to a  Chapter 7 petition, dismissal of the Debtor's bankruptcy petition and/or for such other and further relief as to the Court seems just and proper.

                                        **BECKER & POLIAKOFF, LLP**
                                        Attorneys for Creditor,
                                        Grandover Pointe Condominium    Association, Inc.

                                        Karl T. Meth, Esq.

Dated:   January 17, 2020

{N0236395  }
                                        3

# Exhibit A

# Grandover Pointe Condominium Association, Inc.

## Homeowner Transaction History 1/1/2019 - 1/6/2020

### 82518322 - Julie Appel - 264 Levinberg Lane

| Date | Description | Charge | Payment | Balance |
|------|-------------|--------|---------|---------|
| 7/1/2019 | Monthly Maintenance | $315.00 | - | $315.00 |
| 7/11/2019 | Late Fee | $25.00 | - | $340.00 |
| 8/1/2019 | Monthly Maintenance | $315.00 | - | $655.00 |
| 8/11/2019 | Late Fee | $25.00 | - | $680.00 |
| 8/15/2019 | Legal Chargeback Legal Fee - Inv. #1935678 | $223.03 | - | $903.03 |
| 8/15/2019 | Legal Chargeback Legal Fee - Inv. #1933399 | $312.50 | - | $1,215.53 |
| 9/1/2019 | Monthly Maintenance | $315.00 | - | $1,530.53 |
| 9/11/2019 | Late Fee | $25.00 | - | $1,555.53 |
| 9/18/2019 | Legal Chargeback Legal Fee - Inv. #5009707 | $385.00 | - | $1,940.53 |
| 9/30/2019 | Legal Chargeback Legal Fee - Inv. #1940434 | $22.00 | - | $1,962.53 |
| 10/1/2019 | Monthly Maintenance | $315.00 | - | $2,277.53 |
| 10/9/2019 | Legal Chargeback Legal Fee - Inv. #1944966 | $20.00 | - | $2,297.53 |
| 10/11/2019 | Late Fee | $25.00 | - | $2,322.53 |
| 10/31/2019 | Legal Chargeback Legal Fee - Inv. #5010512 | $117.50 | - | $2,440.03 |
| 10/31/2019 | Legal Chargeback Legal Fee - Inv. #5009856 | $315.00 | - | $2,755.03 |
| 11/1/2019 | Monthly Maintenance | $315.00 | - | $3,070.03 |
| 11/11/2019 | Late Fee | $25.00 | - | $3,095.03 |
| 12/1/2019 | Monthly Maintenance | $315.00 | - | $3,410.03 |
| 12/11/2019 | Late Fee | $25.00 | - | $3,435.03 |
| 1/1/2020 | Monthly Maintenance | $315.00 | - | $3,750.03 |

# **Exhibit** B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Scott J Appel** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW JERSEY |
| Case number (If known) | **19-21156** |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**  ☐ No

    Do not list Debtor 1 and Debtor 2.

    ■ Yes. Fill out this information for each dependent...........

    Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No |
| Daughter | 13 | ■ Yes |
| | | ☐ No |
| Son | 15 | ■ Yes |
| | | ☐ No |
| | | ☐ Yes |
| | | ☐ No |
| | | ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

    ■ No

    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | | |
|---|---|---|---:|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 2,500.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 300.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 350.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| Debtor 1 | **Scott J Appel** | | Case number (if known) | **19-21156** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | 350.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 100.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 400.00 |
| | 6d. Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 950.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 200.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 200.00 |
| 10. | **Personal care products and services** | 10. | $ | 200.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 250.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 400.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 100.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 600.00 |
| | 15b. Health insurance | 15b. | $ | 0.00 |
| | 15c. Vehicle insurance | 15c. | $ | 200.00 |
| | 15d. Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 770.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. Other. Specify: | 17c. | $ | 0.00 |
| | 17d. Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income** (Official Form 106I). | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: **Babysister trained in special children** | 21. | +$ | 1,700.00 |

22. **Calculate your monthly expenses**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | | $ | 9,820.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 9,820.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $ | 9,883.46 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 9,820.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $ | 63.46 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. | Explain here: |

# Exhibit C



**STARK & STARK**

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)  609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION                     July 24, 2019
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

**RE: Our Client-Matter No: 059419 - 00015   APPEL, SCOTT & JULIE**

Enclosed please find our invoice for professional services rendered and costs advanced.

Should you have any questions concerning the attached invoice, please do not hesitate to contact us. Your prompt payment would be greatly appreciated.

Sincerely yours,


TANA BUCCA



# STARK & STARK
## ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)  609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

| | |
|---|---|
| Date: | July 24, 2019 |
| Invoice No.: | 1933399 |
| Client No.: | 059419 |
| Matter No.: | 00015 |
| Billing Attorney: | TB |

## INVOICE SUMMARY

For professional services rendered and costs advanced through June 30, 2019:

RE:   APPEL, SCOTT & JULIE

| | |
|---|---|
| Professional Services | $ 312.50 |
| Total Costs Advanced | $ .00 |
| **TOTAL THIS INVOICE** | **$ 312.50** |

STARK & STARK, P.C.

| | |
|---|---|
| Date: | July 24, 2019 |
| Invoice No.: | 1933399 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

## PROFESSIONAL SERVICES RENDERED

| Date | Init | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 6/16/19 | TB | Review of information and confer with Ms. Solomon regarding threatened bankruptcy, issues and strategy regarding same. | .30 | 75.00 |
| 6/18/19 | JR | Location of bankruptcy docket. Obtained petition and Order to Show Cause hearing notice. | .50 | 62.50 |

| | |
|---|---|
| Total Hourly Professional Fees | $ 137.50 |

## STANDARD FEES

| | | |
|---|---|---|
| 6/21/19 | Notice of Appearance with respect to Chapter 13 | 175.00 |

| | | |
|---|---|---|
| Total Standard Fees | $ 175.00 | |

| | |
|---|---|
| TOTAL PROFESSIONAL SERVICES | $ 312.50 |

## SUMMARY OF PROFESSIONAL SERVICES

| Name | Init | Hours | Rate | Total |
|---|---|---|---|---|
| JAKE RADZISZEWSKI | JR | .50 | 125.00 | 62.50 |
| TANA BUCCA | TB | .30 | 250.00 | 75.00 |
| STANDARD CHARGES | STD | .00 | .00 | 175.00 |
| **TOTALS** | | **.80** | | **$ 312.50** |

| | |
|---|---|
| TOTAL THIS INVOICE | $ 312.50 |



**STARK & STARK**

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)  609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

| | |
|---|---|
| Date: | July 24, 2019 |
| Invoice No.: | 1933399 |
| Client No.: | 059419 |
| Matter No.: | 00015 |
| Billing Attorney: | TB |

## PAYMENT ADVICE

RE:    APPEL, SCOTT & JULIE

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 312.50** |

### TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE RETURN
### THIS PAYMENT PAGE WITH YOUR PAYMENT

**Please include the invoice # 1933399 on your check/wire transfer and remit to the above listed mailing address.**

**To enroll in paperless billing and have your bill emailed to you, please email billing@stark-stark.com with your client number and email address where you want the bill sent.**

<u>Wire Transfer Instructions:</u>

Fulton Bank of NJ
Mantua, NJ 08051
**ABA# 031301422**

Stark & Stark Account
**Acct# 90395290**
993 Lenox Drive, P.O. Box 5315
Princeton, NJ 08543-5315

<u>To Pay by Credit Card:</u>

_____ Visa _____ Mastercard _____ AMEX _____ Discover
Account Number: _____
Expiration Date: _____/_____ Security Code: _____
Amount: $_____
Name on Account: _____
Credit Card Billing Zip Code: _____

**TERMS: NET 30 DAYS**

To obtain a copy of Stark & Stark's Form W-9 please visit our website:
**http://bit.ly/1sPHCgc**

*Thank you! Your business is greatly appreciated.*

# STARK & STARK

## ATTORNEYS AT LAW

OFFICE:  993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)  609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

| | |
|---|---|
| Date: | August 8, 2019 |
| Invoice No.: | 1935678 |
| Client No.: | 059419 |
| Matter No.: | 00015 |
| Billing Attorney: | TB |

## PAYMENT ADVICE

RE:   APPEL, SCOTT & JULIE

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 223.03** |
| Unpaid Invoices | $ 312.50 |
| **TOTAL BALANCE DUE** | **$ 535.53** |

### TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE RETURN
### THIS PAYMENT PAGE WITH YOUR PAYMENT

**Please include the invoice # 1935678 on your check/wire transfer and remit to the above listed mailing
address.**

**To enroll in paperless billing and have your bill emailed to you, please email billing@stark-stark.com with
your client number and email address where you want the bill sent.**

**Wire Transfer Instructions:**

Fulton Bank of NJ
Mantua, NJ 08051
**ABA# 031301422**

Stark & Stark Account
**Acct# 90395290**
993 Lenox Drive, P.O. Box 5315
Princeton, NJ 08543-5315

**To Pay by Credit Card:**

_____ Visa _____ Mastercard _____ AMEX _____ Discover
Account Number: _____
Expiration Date: _____/_____ Security Code: _____
Amount: $_____
Name on Account: _____
Credit Card Billing Zip Code: _____

**TERMS: NET 30 DAYS**



OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

To obtain a copy of Stark & Stark's Form W-9 please visit our website:
**http://bit.ly/1sPHCgc**

***Thank you! Your business is greatly appreciated.***



**STARK & STARK**

ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ 08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)  609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION                    August 8, 2019
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

---

**RE: Our Client-Matter No: 059419 - 00015   APPEL, SCOTT & JULIE**

Enclosed please find our invoice for professional services rendered and costs advanced.

Should you have any questions concerning the attached invoice, please do not hesitate to contact us. Your prompt payment would be greatly appreciated.

Sincerely yours,

TANA BUCCA



# STARK & STARK
### ATTORNEYS AT LAW

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION
Wilkin Management Company
c/o Nancy Solomon
1655 Valley Road Suite 300
Wayne, NJ  07470

| | |
|---|---|
| Date: | August 8, 2019 |
| Invoice No.: | 1935678 |
| Client No.: | 059419 |
| Matter No.: | 00015 |
| Billing Attorney: | TB |

## INVOICE SUMMARY

For professional services rendered and costs advanced through July 31, 2019:

RE:   APPEL, SCOTT & JULIE

| | |
|---|---|
| Professional Services | $ 175.00 |
| Total Costs Advanced | $ 48.03 |
| **TOTAL THIS INVOICE** | **$ 223.03** |
| Unpaid Invoices | $ 312.50 |
| **TOTAL BALANCE DUE** | **$ 535.53** |

# STARK & STARK, P.C.

| | |
|---|---|
| Date: | August 8, 2019 |
| Invoice No.: | 1935678 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

## PROFESSIONAL SERVICES RENDERED

| Date | Init | Description of Services Rendered | Hours | Amount |
|---|---|---|---|---|
| 7/02/19 | JR | Review of bankruptcy docket to determine outcome of Order to Show Cause. Determined hearing was withdrawn upon debtor filing an updated petition. Reviewed docket and petition. Determined client is not referenced in petition. Debtor also uploaded incorrect document attachment that should have been Chapter 13 plan. Prepared notice to debtor's attorney. | 1.40 | 175.00 |

|  | |
|---|---|
| **TOTAL PROFESSIONAL SERVICES** | **$ 175.00** |

## SUMMARY OF PROFESSIONAL SERVICES

| Name | Init | Hours | Rate | Total |
|---|---|---|---|---|
| JAKE RADZISZEWSKI | JR | 1.40 | 125.00 | 175.00 |
| **TOTALS** | | **1.40** | | **$ 175.00** |

## COSTS ADVANCED

| Description | Amount |
|---|---|
| PACER Service Center | 2.00 |
| LEXIS NEXIS | 46.03 |

| | |
|---|---|
| **TOTAL COSTS ADVANCED** | **$ 48.03** |
| **TOTAL THIS INVOICE** | **$ 223.03** |

STARK & STARK, P.C.

| | | |
|---|---|---|
| Date: | August 8, 2019 |
| Invoice No.: | 1935678 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

## UNPAID INVOICES

| INVOICE NUMBER | DATE | INVOICE TOTAL | PAYMENTS RECEIVED | ENDING BALANCE |
|---|---|---|---|---|
| 1933399 | 7/24/19 | 312.50 | .00 | 312.50 |

| | |
|---|---|
| Unpaid Invoices | $ 312.50 |
| Balance Due This Invoice | $ 223.03 |
| **TOTAL BALANCE DUE** | **$ 535.53** |

## AR AGING

| Current - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 |
|---|---|---|---|---|
| $ 312.50 | $ .00 | $ .00 | $ .00 | $ .00 |



OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

GRANDOVER POINTE CONDOMINIUM ASSOCIATION

Wilkin Management Company

c/o Nancy Solomon

1655 Valley Road Suite 300

Wayne, NJ  07470

Date:    September 18, 2019

Invoice No.:        1940434

Client No.:          059419

Matter No.:          00015

Billing Attorney:         TB

_____

## INVOICE SUMMARY

For professional services rendered and costs advanced through August 31, 2019:

**RE:    APPEL, SCOTT & JULIE**

| | |
|---|---|
| Professional Services | $ .00 |
| Total Costs Advanced | $ 22.00 |
| **TOTAL THIS INVOICE** | **$ 22.00** |
| Unpaid Invoices | $ 223.03 |
| **TOTAL BALANCE DUE** | **$ 245.03** |

# STARK & STARK, P.C.

| | |
|---|---|
| Date: | September 18, 2019 |
| Invoice No.: | 1940434 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

**COSTS ADVANCED**

| Description | Amount |
|---|---|
| LEXIS NEXIS | 22.00 |
| **TOTAL COSTS ADVANCED** | **$ 22.00** |
| **TOTAL THIS INVOICE** | **$ 22.00** |



OFFICE:  993 LENOX DRIVE  LAWRENCEVILLE, NJ  08648-2389

MAILING:  PO BOX 5315  PRINCETON, NJ 08543-5315

609-896-9060 (PHONE)   609-896-0629 (FAX)

WWW.STARK-STARK.COM

| | |
|---|---|
| GRANDOVER POINTE CONDOMINIUM ASSOCIATION | Date:        October 8, 2019 |
| Wilkin Management Company | Invoice No.:        1944966 |
| c/o Nancy Solomon | Client No.:        059419 |
| 1655 Valley Road Suite 300 | Matter No.:        00015 |
| Wayne, NJ  07470 | Billing Attorney:        TB |

_____

## INVOICE SUMMARY

For professional services rendered and costs advanced through September 30, 2019:

**RE:    APPEL, SCOTT & JULIE**

| | |
|---|---|
| Professional Services | $ .00 |
| Total Costs Advanced | $ 20.00 |
| **TOTAL THIS INVOICE** | **$ 20.00** |
| Unpaid Invoices | $ 248.37 |
| **TOTAL BALANCE DUE** | **$ 268.37** |

# STARK & STARK, P.C.

| | |
|---|---|
| Date: | October 8, 2019 |
| Invoice No.: | 1944966 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

**COSTS ADVANCED**

| Description | Amount |
|---|---|
| LEXIS NEXIS | 20.00 |
| **TOTAL COSTS ADVANCED** | **$ 20.00** |
| **TOTAL THIS INVOICE** | **$ 20.00** |

# STARK & STARK, P.C.

| | |
|---|---|
| Date: | October 8, 2019 |
| Invoice No.: | 1944966 |
| Client No.: | 059419 |
| Matter No.: | 00015 |

**UNPAID INVOICES**

| INVOICE NUMBER | DATE | INVOICE TOTAL | PAYMENTS RECEIVED | ENDING BALANCE |
|---|---|---|---|---|
| 1935678 | 8/08/19 | 223.03 | .00 | 223.03 |
| 1940434 | 9/18/19 | 22.00 | .00 | 22.00 |
| Late Charge | 10/01/19 | 3.34 | .00 | 3.34 |

| | |
|---|---|
| Unpaid Invoices | $ 248.37 |
| Balance Due This Invoice | $ 20.00 |
| **TOTAL BALANCE DUE** | **$ 268.37** |

**AR AGING**

| Current - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 |
|---|---|---|---|---|
| $ 25.34 | $ .00 | $ 223.03 | $ .00 | $ .00 |



**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

September 20, 2019

Grandover Pointe Condominium Association                Invoice #:      5009856
c/o Wilkin Management Co.                                Client #:       G27160
45 Whitney Road                                          Matter #:       398271
Mahwah, NJ  07450

---

# INVOICE SUMMARY

For professional services rendered through August 31, 2019:

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| Professional Services | $ 315.00 |
| Costs | $ .00 |
| **TOTAL THIS INVOICE** | **$ 315.00** |

BECKER & POLIAKOFF

Client #: G27160
Matter #: 398271

September 20, 2019
Invoice #: 5009856

**PROFESSIONAL SERVICES**

| Date | Tkpr | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 8/13/19 | KTM | Review of Bankruptcy pleadings as to course of action. | .30 | 67.50 |
| 8/20/19 | KTM | Review of Bankruptcy pleadings and draft email to T. Bucca regarding status of Bankruptcy and action items going forward. | .60 | 135.00 |
| 8/22/19 | KTM | Review for any Bankruptcy case update and revise email to N. Solomon Re: Status. | .30 | 67.50 |
| 8/28/19 | KTM | Receipt and review of email from A. Kaprielian and review account statements split. | .20 | 45.00 |

**TOTAL PROFESSIONAL SERVICES**     **$ 315.00**

**SUMMARY OF PROFESSIONAL SERVICES**

| Name | Tkpr | Hours | Rate | Total |
|------|------|-------|------|-------|
| Meth, Karl, T. | KTM | 1.40 | 225.00 | 315.00 |
| **TOTALS** | | **1.40** | | **$ 315.00** |

**TOTAL THIS INVOICE**     **$ 315.00**



**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

September 20, 2019

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
45 Whitney Road
Mahwah, NJ  07450

| | |
|---|---|
| Invoice #: | 5009856 |
| Client #: | G27160 |
| Matter #: | 398271 |

---

# REMITTANCE ADVICE

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 315.00** |

Please return this page with payment to:

Becker & Poliakoff, LLP
ATTN:  Accounts Receivable
45 Broadway, 17th Floor
New York, NY 10006

# Due Upon Receipt

*To pay your bill by wire or ACH please contact our billing department at 212-599-3322.*

*Please reference invoice number(s) on all payments.*

**Becker**
Becker & Poliakoff

**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

October 11, 2019

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
45 Whitney Road
Mahwah, NJ  07450

Invoice #:     5010512
Client #:       G27160
Matter #:        398271

---

# INVOICE SUMMARY

For professional services rendered through September 30, 2019:

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| Professional Services | $ 187.50 |
| Costs | $ .00 |
| **TOTAL THIS INVOICE** | **$ 187.50** |
| Unapplied Cash | $ -70.00 |
| **BALANCE DUE THIS INVOICE** | **$ 117.50** |

# BECKER & POLIAKOFF

Client #: G27160
Matter #: 398271

October 11, 2019
Invoice #: 5010512

## PROFESSIONAL SERVICES

| Date | Tkpr | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/05/19 | KTM | Review bankruptcy status online and provide update to T. Bucca regarding the status of the Bankruptcy matter and need for a post-petition letter. | .40 | 100.00 |
| 9/19/19 | JR4 | Preparation of Substitution of Attorney in reference to bankruptcy docket. | .40 | 50.00 |
| 9/25/19 | JR4 | Follow up communication with prior counsel as to Substitution of Attorney for bankruptcy docket and copy of two invoices. | .30 | 37.50 |
| | | **TOTAL PROFESSIONAL SERVICES** | | **$ 187.50** |

## SUMMARY OF PROFESSIONAL SERVICES

| Name | Tkpr | Hours | Rate | Total |
|------|------|-------|------|-------|
| Radziszewski, Jake | JR4 | .70 | 125.00 | 87.50 |
| Meth, Karl, T. | KTM | .40 | 250.00 | 100.00 |
| **TOTALS** | | **1.10** | | **$ 187.50** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$ 187.50** |
| Unapplied Cash Applied | $ -70.00 |
| **BALANCE DUE THIS INVOICE** | **$ 117.50** |



**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

October 11, 2019

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
45 Whitney Road
Mahwah, NJ  07450

| | |
|---|---|
| Invoice #: | 5010512 |
| Client #: | G27160 |
| Matter #: | 398271 |

---

# REMITTANCE ADVICE

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| **BALANCE DUE THIS INVOICE** | **$ 117.50** |
|---|---|

Please return this page with payment to:

Becker & Poliakoff, LLP
ATTN:  Accounts Receivable
45 Broadway, 17th Floor
New York, NY 10006

## Due Upon Receipt

***To pay your bill by wire or ACH please contact our billing department at 212-599-3322.***

***Please reference invoice number(s) on all payments.***

**Becker**
Becker & Poliakoff

**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

November 21, 2019

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
45 Whitney Road
Mahwah, NJ  07450

| | |
|---|---|
| Invoice #: | 5011476 |
| Client #: | G27160 |
| Matter #: | 398271 |

_____

# INVOICE SUMMARY

For professional services rendered through October 31, 2019:

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| Professional Services | $ 300.00 |
| Costs | $ .00 |
| **TOTAL THIS INVOICE** | **$ 300.00** |
| Unapplied Cash | $ -300.00 |
| **BALANCE DUE THIS INVOICE** | **$ .00** |

# BECKER & POLIAKOFF

Client #: G27160

November 21, 2019
Invoice #: 5011476

Matter #: 398271

**PROFESSIONAL SERVICES**

| Date | Tkpr | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 10/08/19 | KTM | Draft and file Notice of Appearance online. | FLAT FEE | 175.00 |
| 10/08/19 | KTM | Draft and file substitution of attorney. | .50 | N/C |
| 10/25/19 | KTM | Draft and revise post-petition collection/demand letter to bankruptcy counsel. | FLAT FEE | 125.00 |
| | | **TOTAL PROFESSIONAL SERVICES** | | **$ 300.00** |

**SUMMARY OF PROFESSIONAL SERVICES**

| Name | Tkpr | Hours | Rate | Total |
|------|------|-------|------|-------|
| Meth, Karl, T. | KTM | FLAT FEES | | 300.00 |
| **TOTALS** | | **.00** | | **$ 300.00** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$ 300.00** |
| Unapplied Cash Applied | $ -300.00 |
| **BALANCE DUE THIS INVOICE** | **$ .00** |



**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

November 21, 2019

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
45 Whitney Road
Mahwah, NJ  07450

| | |
|---|---|
| Invoice #: | 5011476 |
| Client #: | G27160 |
| Matter #: | 398271 |

# REMITTANCE ADVICE

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ .00** |

Please return this page with payment to:

Becker & Poliakoff, LLP
ATTN:  Accounts Receivable
45 Broadway, 17th Floor
New York, NY 10006

## Due Upon Receipt

*To pay your bill by wire or ACH please contact our billing department at 212-599-3322.*

*Please reference invoice number(s) on all payments.*



**45 Broadway, 17ᵗʰ Floor**
**New York, NY 10006**
**212.599.3322**

January 10, 2020

Grandover Pointe Condominium Association
c/o Wilkin Management Co.
1655 Valley Road
Suite 300
Wayne, NJ  07470

Invoice #:    5013476
Client #:      G27160
Matter #:     398271

---

# INVOICE SUMMARY

For professional services rendered through December 31, 2019:

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| Professional Services | $ 45.00 |
| Costs | $ .00 |
| **TOTAL THIS INVOICE** | **$ 45.00** |

# BECKER & POLIAKOFF

Client #: G27160
Matter #: 398271

January 10, 2020
Invoice #: 5013476

**PROFESSIONAL SERVICES**

| Date | Tkpr | Description | Hours | Amount |
|---|---|---|---|---|
| 12/18/19 | KTM | Receipt and review of email from the Bankruptcy court regarding the lender's motion to lift the stay. | .20 | 45.00 |
| | | **TOTAL PROFESSIONAL SERVICES** | | **$ 45.00** |

**SUMMARY OF PROFESSIONAL SERVICES**

| Name | Tkpr | Hours | Rate | Total |
|---|---|---|---|---|
| Meth, Karl, T. | KTM | .20 | 225.00 | 45.00 |
| **TOTALS** | | **.20** | | **$ 45.00** |

|  |  |
|---|---|
| **TOTAL THIS INVOICE** | **$ 45.00** |



**45 Broadway, 17th Floor**
**New York, NY 10006**
**212.599.3322**

January 10, 2020

Grandover Pointe Condominium Association        Invoice #:     5013476
c/o Wilkin Management Co.                      Client #:      G27160
1655 Valley Road                             Matter #:      398271
Suite 300
Wayne, NJ  07470

---

# REMITTANCE ADVICE

**RE:  Scott & Julie Appel. 264 Levinberg Lane, Wayne**

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 45.00** |

Please return this page with payment to:         Becker & Poliakoff, LLP
ATTN:  Accounts Receivable
45 Broadway, 17th Floor
New York, NY 10006

# Due Upon Receipt

*To pay your bill by wire or ACH please contact our billing department at 212-599-3322.*

*Please reference invoice number(s) on all payments.*

# Exhibit D

# Becker

    d.     Notice of Sheriff's Sale - $150.00.
    e.     Answer to a Foreclosure Complaint - $200.00.
    f.     Motion for Surplus Funds - $450.00.

V    **COLLECTION MATTERS IN BANKRUPTCY**:
    a.     Proof of Claim in Bankruptcy - $175.00.
    b.     Motion for Relief from Automatic Stay - $500.00.
    c.     Order for Discovery of Bankruptcy Petition - $250.00.
    d.     Objection to Confirmation of Chapter 13 Plan - $300.00.
    e.     Notice of Appearance - $100.00.
    f.     Bankruptcy Court Debtor Search - $75.00.

VI    **ADDITIONAL COSTS**:
    a.     In addition to the above fees, the Association agrees to pay all charges and disbursements for costs and expenses related to the Association's legal matters, including, but not limited to, court filing fees, b/w printing and photocopying @ 15 cents per page, color printing and copying @ 75 cents per page, filing fees, title searches, skip trace searches, asset searches, messenger service, Westlaw/legal research charges, telephone charges, mailing and postage charges, mileage based upon IRS standard vehicle mileage rate, and tolls. Counsel, as a matter of convenience, may advance all costs
    b.     The above fees represent the preparation of one (1) copy of the referenced document. If more than one (1) draft is required due to negotiations with debtors or modifications required by changing circumstances, the modifications will be billed based on the firm's current hourly rates.
    c.     Any services beyond those set forth above, including motion practice, pretrial discovery, and any court appearances that may be required shall be billed at our current hourly rates. The client understands and agrees that once a matter proceeds beyond the pleading stage, any litigation through and including trial (and any appeal where necessary) will be billed at our current hourly rates as set forth in the retainer agreement.

# Exhibit E

cannot be separately conveyed, transferred, alienated or encumbered, and each of the undivided interests are deemed to be conveyed, transferred, alienated or encumbered with its Unit despite that the description in the instrument of conveyance, transfer, alienation or encumbrance may refer only to the fee simple title to the Unit. The Developer and Unit Owners covenant that any conveyance, transfer or alienation of any Unit conclusively includes all of the interest of the Unit Owner in the Condominium and any encumbrance on any Unit also conclusively attaches to all of the interest of that Unit's Owner(s).

### 6.07   Voting

The Owner(s) of each Unit who is in good standing (see Article 3.08 of the Bylaws) is entitled to cast one vote for each Unit to which the Owner(s) holds title. The Developer is entitled to cast all votes for Units owned by it, but is not permitted to vote on amending this Master Deed or the Bylaws or any other document for the purpose of changing the permitted use of those Units or reducing the Common Elements of that portion of the Property that has been dedicated to the condominium form of ownership.

### 6.08   Membership of Unit Owners in Condominium Association

Upon becoming the Owner of a Unit, every Unit Owner automatically becomes an Association Member, which membership is held until their ownership of a Unit ceases for any reason. At that time, Association membership automatically ceases. Other than as an incident to a lawful transfer of title to a Unit, Association membership is not transferable and any attempted transfer is void.

### 6.09   Compliance by Owners

Each Owner or occupant of a Unit must comply with and assumes ownership or occupancy subject to laws, statutes, rules and regulations, resolutions, ordinances or other judicial, legislative or executive "law" of governmental authorities having jurisdiction over the Condominium; the provisions of this Master Deed, Certificate of Incorporation, Bylaws, the Rules and Regulations and any other documents, as well as any Amendments or Supplements to any of the foregoing. Failure to comply with any of the foregoing is grounds for commencement of an action for the recovery of damages or for injunctive relief, or both, by the Developer, the Association or any Unit Owner in any court or administrative tribunal having jurisdiction of any person or legal entity violating or attempting to violate or circumvent any of the aforesaid and against any Unit Owner to enforce any lien imposed as per this Master Deed or any covenant contained herein. Failure by the Developer, the Association or any Unit Owner to enforce covenants herein contained for any period of time is not, under any circumstances, a waiver or estoppel of the right to thereafter enforce same.

## Paragraph 7.  ASSESSMENTS

### 7.01   Contribution of Unit Owners Toward Administration, Maintenance and Other Expenses of Common Elements and the Association

Subject to Paragraph 7.02 of this Master Deed, each Unit Owner is to contribute, as set forth in Article 13.00 of the Bylaws, toward the expenses of administration, maintenance, repair and replacement of the Common Elements, expenses declared common by this Master Deed or Bylaws and expenses of administering and maintaining the Association and all of its real and personal property in such amounts as are from time to time found by the Association to be necessary, including but not limited to: (a) expenses for the operation, maintenance, repair or replacement of Buildings, grounds or facilities within the Condominium, including the recreation facilities, if any; (b) all costs of carrying out the duties and powers of the Association and compensation of Association employees; (c) insurance premiums and expenses relating thereto; (d)

11

taxes which may be assessed against Association or its property; (e) the cost of utility services supplied to the Common Elements or to each individual Unit if utility service usage is not metered and billed to each Unit by any utility supplier, but is metered and billed to the Association; and (f) any other expenses of the Association set forth herein, in the Bylaws or that may be designated by the Board as Common Expenses. No Unit Owner may be exempt from contributing toward such expenses by waiver of the use or enjoyment of the Common Elements or the community or recreation facilities, if any, or by abandonment of their Unit. Payment of the Common Expenses are to be made in the amount and at the frequency determined by the Board, and are to be delivered to the Association at its principal office or to such other place designated by the Board.

### 7.02   Lien in Favor of the Association

All charges and expenses chargeable to any Unit constitute a lien against said Unit in favor of the Association. That lien is prior to all other liens except (a) assessments, liens and charges for taxes past due and unpaid on the Unit; and (b) payments due under bona fide and duly recorded Mortgage instruments, if any, except to the extent modified by any applicable New Jersey or federal law. The charges and expenses represented in the annual Common Expense Assessment or maintenance fees become effective as a lien against each Unit on the first day of each year. Additional or added assessments, any and all types of fees, amounts ordered as per Article 4 of the Bylaws, fines, charges, expenses, and water usage fees, if any, chargeable to Units and not covered by the annual Common Expense Assessment, become effective as a lien against each Unit as of the date when the expense, fine or charge giving rise to such additional or added assessment is levied or incurred. If the assessment, charge or other expenses giving rise to any lien remains unpaid for more than ten (10) days after it is due and payable, the entire amount of the next due twelve (12) monthly installments of the then current or next annual Common Expense Assessment and other additional or added assessments, charges and expenses immediately become due and payable. All liens may be recorded in accordance with N.J.S.A. 46:8B-21 and foreclosed by the Association in the manner provided for the foreclosure and sale of real estate mortgages. In the event of foreclosure, in addition to the Common Expense and other assessments or amounts due, the Association is entitled to recover the expenses of the action including court costs and reasonable attorney and paraprofessional fees. The Association's right to foreclose its lien is in addition to any other remedies available at law or equity for the collection of annual, additional or added charges and expenses, including the right to proceed personally against any delinquent Unit Owner for the recovery of a personal judgment for the amount due, court costs and reasonable attorney and paraprofessional fees. The title acquired by any purchaser following any foreclosure sale or sheriff's judgment sale is subject to all provisions of this Master Deed, Bylaws, Rules and Regulations and the Condominium Act, and by so acquiring title to the Unit, the purchaser automatically agrees to abide by and be bound by same. Interest, fines and penalties may only be levied, imposed and collected by the Association to the extent they are permitted by law.

### 7.03   Payment of Expenses Out of Proceeds of Sale

Upon the sale, conveyance or other lawful transfer of title to a Unit, all unpaid assessments, fines and all other charges and expenses of whatever nature chargeable to the Unit must first be paid out of the sales price or by the acquirer in preference to any other assessments or charges of whatever nature except: (a) assessments, liens and charges for taxes past due and unpaid on the Unit; and (b) payments due under any bona fide duly recorded Mortgage instruments, except to the extent modified by applicable New Jersey or federal laws.

12

### 7.04   Liability for Assessments Due Association and Certificates of Payment

Any persons who acquire title to a Unit are jointly and severally liable with their predecessor in title for the amounts owing by the latter to the Association up to the time of the transfer of title, without prejudice to the acquirer's right to recover from the predecessor in title the amount paid by them as joint debtor.  Any contract purchaser of a Unit may request in writing that the Association provide them with a certificate setting forth the amount of unpaid assessments or other debts owed to the Association for a Unit.  The written request is to include the names of all persons who will reside in the Unit and the anticipated date of closing title.  The Association will provide the certificate within ten (10) days after receipt of the request.  The purchasers may rely upon the certificate and their liability to the Association is limited to the amount set forth therein. Liability for the payment of amounts due the Association does not attach to a Unit's purchasers following a mortgage foreclosure or sheriff's judgment sale of any Unit but the Association is entitled to payment therein out of the proceeds of sale as provided by law.  Further, any Mortgage Holder who obtains title to a Unit pursuant to remedies provided in the Mortgage or foreclosure of the Mortgage is not liable for the Unit's unpaid amounts due the Association which accrued before the acquisition of title of the Unit by the Mortgage Holder, except to the extent permitted by any applicable New Jersey or federal law.

### 7.05   Covenant to Pay Assessments

Every Unit Owner, by acceptance of a deed or other document of conveyance of an ownership interest in a Unit, whether or not it is expressed in any deed or other document of conveyance, is deemed by covenant to pay to the Association all assessments and other sums contemplated in this Master Deed or Bylaws.

### 7.06   Liability for Assessments

No Unit Owner may waive or otherwise avoid liability for Common Expenses by not using the Common Elements. All assessments, fines and other charges against a Unit or its Unit Owner(s) are a continuing lien on the Unit against which they are assessed or the Unit owned by the Unit Owner against whom they are assessed and are the joint and several personal obligations of all Owners of the Unit at the time the assessment, fine or other charge fell due, and of each subsequent record Unit Owner, except as otherwise contemplated by Paragraphs 7.02, 7.03 and 7.04 of this Master Deed or N.J.S.A. 46:8B-21, together with such interest thereon and cost of collection thereof, including reasonable attorney and paraprofessional fees.  Liens for unpaid assessments, fines or other charges the Association is permitted by law to levy, impose or collect may be foreclosed by suit brought in the Association's name in the same manner as a foreclosure of a mortgage on real property.   Suits to recover money judgments for unpaid assessments, fines or other charges may be maintained without waiving the lien securing same.

### 7.07   Annual Common Expense Assessments

It is an affirmative and perpetual obligation of the Board to fix annual Common Expense Assessments in an amount at least sufficient to maintain and operate the Buildings, the Common Elements, Property and Association affairs as contemplated by this Master Deed, Bylaws or as required by the Condominium Act, and to pay for all expenses of the Association for benefits derived by the Unit Owners.  The amount of monies deemed necessary for Common Expenses and the way they are expended are determined in the Board's sole discretion.

### 7.08   Notice of Annual Common Expense Assessments

At least five (5) days in advance of the due date of the first Common Expense Assessment installment for each fiscal year, the Board will prepare a list of Units and

13

the annual Common Expense Assessments applicable to each, according to the names of the Unit Owners. This list is to be kept in the office of the Association or its managing agent and is open to inspection upon any Unit Owner's request. Written notice of the annual Common Expense Assessment is to be given to Unit Owners in the manner provided by Article 18.03 of the Bylaws.

### 7.09   Use of Annual Common Expense Assessments

The annual Common Expense assessment levied by the Board will be used exclusively for promoting the health, safety, pleasure and welfare of Association Members, including, but without limitation: street lighting; refuse or recyclable collection; snow and ice clearing; landscaping of Common Elements; maintenance and repair of the exterior and roofs of the Buildings, including but not limited to cleaning, painting, caulking and staining of the exterior surfaces and finishes; maintenance, repair and replacement of the Common Elements or any other improvements on the Property or elsewhere for which the Association is responsible, including roadways and parking areas; maintenance and repair of fences and walls; payment of applicable common taxes and insurance premiums; costs and expenses incidental to the Association's operation and administration; and, such other items as the Board from time to time deems appropriate provided that the annual Common Expense Assessment cannot be used for capital improvements subject to Paragraph 7.15 of this Master Deed.

### 7.10   Allocation of Common Expenses

The annual Common Expense assessment will be allocated among all Units within any Buildings declared to be in the Condominium and for which an initial Certificate of Occupancy has been issued. Each Unit will be assessed a proportionate share of the annual Common Expense Assessment determined by the Unit's then current percentage interest in the Common Elements as set forth in Article 13 of the Bylaws and Exhibit G hereof as they may be amended. Until title to the first Unit is conveyed, the Developer is solely responsible for all Common Expenses as set forth in Paragraph 7.20 herein. Following the first conveyance, the Owners of Units to whom title has been conveyed are responsible for their percentage share of the Common Expenses and the Developer is responsible for payment of all Common Expenses assessed against Units which have not been initially conveyed to an individual purchaser and for which an initial Certificate of Occupancy has been issued.

For so long as it designates a majority of Board Trustees, the Developer will not cause the Common Expense Assessment to be artificially low.

### 7.11   Annual Common Expense Assessment Not Made

Except when the Developer holds the majority of the Board seats, if a Common Expense Assessment is not made annually, an assessment is presumed to have been made in the amount of the prior year's Common Expense Assessment plus ten percent (10%). Installments of the presumed annual Common Expense Assessment are due on each installment payment date until a new annual Common Expense Assessment or new installment payment dates are adopted.

### 7.12   Due Dates of Annual Common Expense Assessment

Annual Common Expense Assessments are made for a yearly period to be determined by the Board and are payable in advance in monthly installments due upon the first day of each month or in such other installments and upon such other due dates as the Board establishes.

### 7.13   Emergency Common Expense Assessment

In the event the regular annual Common Expense Assessment is insufficient for

14

an immediate need or emergency, the Board may amend the budget and assessment and levy an Emergency Common Expense Assessment. The determination of an immediate need or emergency is at the Board's sole and absolute discretion. Notice of any such amendment of the budget and assessment and the levying of an Emergency Common Expense Assessment is to be in writing delivered to Unit Owners in the manner provided in Article 18.03 of the Bylaws. The notice is to specify the due dates of the Emergency Common Expense Assessment or any installments therein. Within thirty (30) days of any Emergency Common Expense Assessment, the Board is to memorialize by written resolution the factual basis for and the fact that an Emergency Common Expense Assessment was made.

### 7.14   Special Common Expense Assessment, Bulk Real Estate Tax Bills

In addition to all other types of assessments authorized herein, in any assessment year the Board may levy a Special Common Expense Assessment to defray in whole or in part the cost of any responsibility of the Association, including but not limited to, any reconstruction, unexpected repair or replacement of an existing Common Elements capital improvement not determined by the Board to constitute an emergency or immediately needed, but for which funds held in reserve are inadequate; or, for any other lawful purpose except new capital improvements subject to Paragraph 7.15 herein. If a Special Common Expense Assessment for an assessment year together with all other Special Common Expense Assessments for that assessment year in the aggregate exceeds the sum of $15,000.00 increased by the percentage of increase in the Consumer Price Index for all Urban Consumers published closest to the date the Recording Officer records this Master Deed, it must be authorized by the affirmative vote of two-thirds of the Members in Good Standing. This vote is to be taken at a meeting duly called for such purpose. Written notice stating the purpose of that meeting must be sent to Unit Owners in the manner set forth in Article 18.03 of the Bylaws at least thirty (30) days in advance. The due dates of any Special Common Expense Assessment or any installments therein are fixed in the Board resolution authorizing same.

It is possible that real estate property tax bills for or special assessments and other charges imposed by taxing authorities on portions of the Common Elements to be or which previously have been dedicated to the Condominium may be issued directly to and in the name of the Developer or the Association and not reflected in the Municipality's assessment of and real estate taxes on individual Units based on their undivided percentage interest in same. All real estate property taxes, special assessments and other charges imposed by taxing authorities are to be separately assessed against and collected on each Unit and its undivided percentage interest in the Common Elements as a single parcel, as provided by the Condominium Act. If any such taxes, assessments or charges are not separately assessed or taxed to each Unit, then the Owners of each Unit must pay their proportionate share therein in accordance with the percentage undivided interest in the Common Elements and the Board must levy and collect a Special Common Assessment for any such year, if necessary.

Nothing herein relieves the Developer from its sole responsibility for real estate taxes or special assessments and other charges imposed by taxing authorities on Units before title to each of same is conveyed to third party purchasers or on the Property or lands before they are dedicated to the Condominium.

### 7.15   Capital Improvement Common Expense Assessment

In addition to the other assessments herein authorized, the Board may levy a Capital Improvement Common Expense Assessment for the purpose of acquiring or constructing any new capital improvements. For purposes of this Paragraph "Capital Improvements" mean any improvement to the Property undertaken by the Association for which monies have not been provided in the first Association budget or reserves. If, during any assessment year, a Capital Improvement Common Expense Assessment,

15

together with all other Capital Improvement Common Expense Assessments for the assessment year, exceeds in the aggregate the sum of $15,000.00 increased by the percentage of increase in the Consumer Price Index for all Urban Consumers published closest to the date the Recording Officer records this Master Deed, it must be authorized by the affirmative vote of two-thirds of the Members in Good Standing. This vote will be taken at a meeting duly called for this purpose. Written notice stating the purpose of the meeting must be sent to all Unit Owners in the manner set forth in Article 18.03 of the Bylaws no less than thirty (30) days in advance of the meeting. The due dates of Capital Improvement Common Expense Assessments, or any installments therein, may be fixed in a resolution of the Board authorizing same.

### 7.16   Exemption from Capital Improvement Common Expense Assessments

In spite of anything to the contrary herein, neither the Developer nor any Mortgage Holder is obligated to pay any assessments for new capital improvements, whether by way of regular Common Expense or other type of assessment. This Paragraph 7.16 of the Master Deed may not be amended without the prior written consent of the Developer and every Mortgage Holder.

### 7.17   Remedial Common Expense Assessment

In addition to the other assessments herein authorized, the Board may levy a Remedial Common Expense Assessment against any individual Unit whenever required or permitted to do so by this Master Deed, Bylaws or the Rules and Regulations that authorize the levying and collecting of Remedial Common Expense Assessments, such as, but not limited to, Paragraph 8 of this Master Deed. The Board may also provide in the Rules and Regulations for ordinary maintenance and minor repairs and replacements to Units or Limited Common Elements for which Unit Owners are responsible, to be undertaken by the Association's personnel, contractors or other representatives and charged to the responsible Unit Owners as a Remedial Common Expense Assessment.

### 7.18   Miscellaneous Common Expense Assessments

To the extent that the Association is permitted by New Jersey law to levy, impose or collect any and all fines, late charges, costs of collection, including reasonable attorney and paraprofessional fees, interest on unpaid assessments, and any and all capital contributions, escrow deposits or any other sums required to be paid to the Association by a Unit Owner as per this Master Deed, Bylaws, Certificate of Incorporation, Rules and Regulations or any duly adopted resolution of the Board are deemed Common Expense Assessments which each Unit Owner has agreed to pay and for which each Unit Owner is liable pursuant to the provisions of Paragraphs 7.01 and 7.02, respectively, of this Master Deed. They are to be collected by the Association in the same way as other assessments pursuant to the provisions herein and N.J.S.A. 46:8B-21.

### 7.19   Interest in Common Surplus

Any Association common surplus resulting from an excess of income over expenses that the Board, in its sole discretion, opts to refund to Unit Owners, must be allocated among the Members in the same way those expenses were assessed.

### 7.20   Developer's Ownership and Assessment Obligations

For purposes of this Paragraph 7.20, "unsold Units" means any Unit title not transferred from the Developer to an unrelated third party. From and after the conveyance of title to the first Unit in any Building dedicated to the Condominium, if there are unsold Units in such Building, the Developer is deemed the Owner of the

16

# Exhibit F

Karl T. Meth
kmeth@beckerlawyers.com
Phone: (973) 898-6502 Fax: (973) 898-6506



**Becker & Poliakoff LLP**
1776 On The Green
67 East Park Place, Suite 800
Morristown, New Jersey 07960

September 27, 2019

**Via Email:** CKassar@locklawyers.com
**And U.S. First-Class Mail**
Camille Joseph Kassar
26 Columbia Turnpike Suite 101
Florham Park, New Jersey 07932

>          Re:   **Grandover Pointe Condominium Association, Inc.**
>                **Debtor: Scott Appel /284 Levinberg Lane, Wayne NJ 07470**
>                **Case No.: 2:19bk21156 (Chapter 13)**

Dear Mr. Kassar:

      Please be advised that this firm represents **Grandover Pointe Condominium Association, Inc.** ("the Association") in connection with the above referenced matter. It is our understanding that your client, Scott Appel, filed a Chapter 13 Bankruptcy petition on June 3, 2019.

      As you are aware, a Debtor that retains a legal, equitable, or possessory interest in a condominium unit is obligated to pay post-petition condominium fees. Such fees are non-dischargeable debts, pursuant to U.S.C.523(a)(16) and are to be paid outside of the Plan.

      Please be advised that as of today's date, your client's post-petition account with the Association (which has been calculated since the date of filing of the Chapter 13 bankruptcy petition), has a delinquent balance in the amount of $2,103.03, consisting of: $945.00 in past due maintenance fees; $75.00 in late fees; and $1,083.03 in legal fees incurred in pursuit of collection of the post-petition account balance (including preparation of this letter). In addition, the next monthly maintenance fee of $315.00 will be due by October 1, 2019.

      Should the Debtor fail to pay the post-petition balance due to the Association in the amount of **$2,103.03, within fifteen (15) days from the date hereof**, the Association may file a Motion for Relief from the Automatic Stay. Payment is to be made payable to "**Grandover Pointe Condominium Association, Inc**." and mailed to our office, at the address listed above. **Kindly forward this letter to your client for his review and response and/or advise if we may contact Mr. Appel directly for the post-petition obligation**.

      Should you have any questions or you wish to discuss this matter further, please feel free to contact our office.

      **THIS LAW FIRM IS A DEBT COLLECTOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

                              Very truly yours,

                              BECKER & POLIAKOFF, LLP

                              *Karl T Meth*

                              Karl T. Meth

KTM/jr
cc:   Grandover Pointe Condominium Association, Inc.

## CERTIFICATION OF MAILING

The undersigned herewith certifies that on the date set forth below, one (1) copy of the within Motion for Relief from the Automatic Stay, Application and Affidavit in Support of Creditor's Application for Relief from Automatic Stay and Co-Debtor Stay, Statement Pursuant to Local Rule 3C and proposed form of Order, were served via regular mail, upon the following parties:

| | |
|---|---|
| **James J. Cerbone, Esq.**<br>**2430 Highway 34, Building B, Suite 22**<br>**Wall, New Jersey 08736**<br>**Attorney for Debtor** | **Albert Russo,**<br>**Standing Chapter 13 Trustee**<br>**CN 4853**<br>**Trenton, New Jersey 08650-4853** |
| **Office of the U.S. Trustee**<br>**One Newark Center, Suite 2100**<br>**Newark, New Jersey 07102** | **Scott and Julie Appel**<br>**264 Levinberg Lane**<br>**Wayne, NJ 07470** |

The undersigned herewith further certifies that on the date set forth below, one (1) copy of the within Motion for Relief from the Automatic Stay, Application and Affidavit in Support of Creditor's Application for Relief from Automatic Stay, Statement Pursuant to Local Rule 3C and proposed form of Order, were served via regular and certified mail, return receipt requested, upon Debtors Scott J. Appel and Julie Appel, at their last known address of 264 Levinberg Lane, Wayne, NJ 07470

**BECKER & POLIAKOFF, LLP**
Attorneys for Creditor,
Grandover Pointe Condominium    Association, Inc.

*Karl T. Meth*

Karl T. Meth, Esq.

{N0236395  }

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Karl T. Meth
KM 0842
BECKER & POLIAKOFF, LLP
1776 on the Green
67 East Park Place
Suite 800
Morristown, New Jersey 07960

_____

In Re:

SCOTT J. APPEL,

Debtor.

CASE NO.: 19-21156 JKS

CHAPTER 13 PROCEEDING
.

STATEMENT PURSUANT TO
LOCAL RULE 3C

        Please be advised that no accompanying Brief has been prepared in support of this Application because it is the position of this Creditor that, under Local Rule 3C, no Brief is necessary in this matter.  The Debtor and Julie Appel, Co-debtor have failed to maintain and pay their common assessments to the Creditor, Grandover Pointe Condominium Association.

        As the facts the secured creditor relies upon, as set forth on the accompanying certification, and the basis for relief from the Automatic Stay, do not present complicated questions of fact or unique questions of law, it is hereby submitted that no brief is necessary in the Court's consideration of the within Motion.

                                BECKER & POLIAKOFF
                                Attorneys for Creditor,
                                Grandover Pointe Condominium   Association, Inc.

Dated:   January 13, 2020              Karl T. Meth, Esq.

{N0236395  }

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)


Karl T. Meth
KM 0842
BECKER & POLIAKOFF, LLP
1776 on the Green
67 East Park Place
Suite 800
Morristown, New Jersey 07960

_____


In Re:

SCOTT J. APPEL,

                      Debtor.

CASE NO.: 19-21156-JKS

CHAPTER 13 PROCEEDING

Hon. John K. Sherwood, U.S.B.J.

## ORDER FOR RELIEF FROM AUTOMATIC STAY TO
## GRANDOVER POINTE CONDOMINIUM ASSOCIATION, INC.

The relief set forth on the following page(s), number one (1) of one (1) is hereby

**ORDERED**.

{N0236395  }

Page 2 of 2
Debtor: Scott J. Appel
Case No.:19-21156

THIS MATTER having come before the above Court on Creditor, Grandover Pointe Condominium Association, Inc.'s Motion to Lift the Automatic Stay and the Co-Debtor Stay of Julie Appel and/or for other relief, and for good cause showing; it is

ORDERED that the Automatic Stay, 11 U.S.C. §362, is hereby lifted, to allow Grandover Pointe Condominium Association, Inc., to pursue its State Court remedies, including, but not limited to, collection of all amounts due it, and/or foreclosure on a Notice of Lien against Scott J. Appel and Julie Appel;

Or in the alternative;

ORDERED that Debtor's bankruptcy petition and case are dismissed;

ORDERED that Debtor's Chapter 13 Petition is converted to a Chapter 7 Petition;

ORDERED that Debtor shall become current on all post-petition assessments due to Grandover Pointe Condominium Association, Inc., on or before _____, 2020;

ORDERED that Creditor's Counsel is allowed the sum of $_____ towards its counsel fees for this Motion.

**(Please strike inappropriate Paragraph(s))**

{N0236395  }
3